IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

      Petitioner,

v.                                     CASE NO.  1:22-cv-106-AW-GRJ

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner James Lee Ballard is a pretrial detainee incarcerated at the Alachua County jail on three felony counts involving a victim who is younger that twelve years of age— (1) lewd and lascivious behavior, (2) sexual battery, and (3) molestation.  *State of Florida v. James Lee Ballard*, Case No. 01-2018-CF-001513A.  On May 12, 2022, Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner is now proceeding pursuant to an Amended Petition, ECF No. 5 (hereafter "Petition"), and he has moved for leave to proceed as a pauper in this action, ECF No. 6 (hereafter "IFP Motion").

Upon due consideration, and for the reasons explained below the

1

undersigned respectfully recommends that the IFP Motion should be granted and the Petition should be dismissed.

## DISCUSSION

**A.    The IFP Motion lacks a certified financial certificate and prison account statement.**

Petitioner failed to include with his IFP Motion a certified financial statement along with a printout of all transactions in his prison account for the six months preceding this action (November 12, 2021, to May 12, 2022).  Yet, Petitioner recently filed these documents in another case pending in this District, *James Lee Ballard v. Detective Jody Cail, et al*., Case No. 1:220-cv-2-AW-GRJ (N.D. Fla.), ECF No. 23.  Those documents reveal that Petitioner qualifies to proceed as a pauper in this case. Accordingly, the IFP Motion is due to be granted.

**B.    The Petition is construed as a Section 2241 Petition, and it must be dismissed on exhaustion and *Younger* grounds.**

The Petition challenges Petitioner's arrest on the grounds it was made without probable cause.  ECF No. 5 at 11.  A review of the online records related to Petitioner's state court criminal proceedings reveals that Petitioner has not pleaded guilty, nor has he been convicted of his charges.

2

In fact, jury selection is scheduled for July 5, 2022.  Accordingly, Petitioner cannot pursue a remedy under 28 U.S.C. § 2254.

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (per curiam).  As a pretrial detainee, Petitioner is not yet "in custody pursuant to the judgment of a State court," and thus, § 2254 does not apply.

Instead, Petitioner's request for relief is governed by 28 U.S.C. § 2241.  *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *see also Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) (per curiam) (pretrial detainee's habeas petition "should have been treated as a § 2241 petition."); *King v. Fla.*, Case No. 2:20-cv-544-38MRM, 2020 WL 8768394, at *1 (M.D. Fla. Aug. 12, 2020) (construing pretrial detainee's habeas petition as brought pursuant to § 2241 because petitioner was not in custody pursuant to state court judgment.)

3

As Petitioner is a pretrial detainee, the Court construes Petitioner's filing as a request for habeas corpus relief brought under 28 U.S.C. § 2241. *See United States v. Russell*, 994 F.3d 1230, 1240 n.9 (11th Cir. 2021) (recognizing court's obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework: and, if so, recharacterize the motion based on the substance of the filing and the relief sought.") (citation and internal quotation marks omitted).

Having recharacterized the filing as a request for relief under 28 U.S.C. § 2241, the instant petition should be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the

4

state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." *Turner v. Morgan*, Case No., 3:12-cv-188-MCR-CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. Jun. 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." *Id*. (*citing Braden v. 30th Judicial Cir. Ct. of Ky*., 410 U.S. 484, 493, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973)).

Additionally, the Petition is due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364, 109 S.Ct. 2506, 2516, 105 L.Ed.2d 298 (1989) (*citing Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). Three exceptions to the *Younger* rule warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2)

5

irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Turner*, 2012 WL 2003835, at *2 (*citing Younger*, 401 U.S. at 45).  None of the three exceptions to the *Younger* doctrine applies to Petitioner's case. Although Petitioner alleges that he is the victim of bad faith prosecution when he says that his arrest was based upon both intentionally false statements and the withholding of exculpatory evidence, ECF No. 5 at 12, he fails to make "substantial allegations" with evidentiary support for his claims. *See Younger*, 401 U.S. at 48-49, 91 S.Ct. at 752-53 (explaining that bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment).

Nor has Petitioner made any viable allegation of irreparable injury based on his claims of mistreatment during his arrest. *See id*. at 53-54, 91 S.Ct. at 755 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief).

Indeed, Petitioner says that he has appealed to the state trial court and to the Florida Supreme Court for relief on the claims asserted in the Petition. ECF No. 5 at 10-11. That means that Petitioner's ongoing state prosecution provides an adequate state forum where any constitutional issues can be raised and decided. Consequently, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

## CERTIFICATE OF APPEALABILITY

For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d

7

1299, 1300 (11th Cir. 2007) (per curiam) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.* (*citing Slack,* 529 U.S. at 484, 120 S.Ct. at 1604).

## CONCLUSION

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Petitioner's IFP Motion, ECF No. 6, should be **GRANTED**.  It is further **RECOMMENDED** that the instant Petition, ECF No. 5, should be **DISMISSED** on exhaustion and *Younger* grounds.

Finally, because reasonable jurists would not find the denial of Petitioner's § 2241 Petition debatable, a Certificate of Appealability should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida this 6th day of June 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

8

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

9